# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN BALL v. LT. SIPE, et al.,** | : | **CIVIL NO. 1:CV-11-1830** |
| | : | |
| | : | |
| **DAWN BALL v. CAPT. CRAVER, et al.,** | : | **CIVIL NO. 1:CV-11-1831** |
| | : | |
| | : | |
| **DAWN BALL v. CAPT. POWLEY, et al.,** | : | **CIVIL NO. 1:CV-11-1832** |
| | : | |
| **DAWN BALL v. SGT. COOPER, et al.,** | : | **CIVIL NO. 1:CV-11-1833** |
| | : | |
| | : | |
| **DAWN BALL v. DR. FAMIGLIO, et al.,** | : | **CIVIL NO. 1:CV-11-1834** |
| | : | |
| | : | |
| | : | **(CHIEF JUDGE KANE)** |
| | : | **(MAGISTRATE JUDGE** |
| | : | **CARLSON)** |

## MEMORANDUM OPINION AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff, Dawn Ball, is an inmate housed in the Restricted Housing Unit at the State Correctional Institution (SCI) Muncy, who by her own account suffers from a cascading array of severe mental illnesses, and who, in other litigation before this Court, candidly acknowledges that she is profoundly disturbed, informing the Court that:

> My mental health is declining. I suffer from OCD so bad I scrub my hands till they bleed, confusion, PTSD, disassociative disorder, I smell, see and hear things not there, severely stressed, phobias, agoraphobia, severe anxiety, lack of interest in things, lack of arousal in things, racing thoughts, suicidal, cognitive problems and disorders, lack of interest in

life, disoriented, dizzyness, paranoid–schizophrenic, constant worry, frightened scared, can't properly care for myself, tics, bipolar, manic depressive, mood swings that are so severe, can't think clearly....

Ball v. Beard, No. 1:09-CV-845 (Doc. 42, pp.6-7).

Furthermore. Ball is also an inmate who is alleged to engage in destructive, self-defeating and senseless behavior, conduct which was aptly described by prison officials in one of Ball's companion cases in the following terms:

> [Y]our destruction of multiple cells . . . by spreading feces and urine combined with paper products from your property and cell related property made it impossible to identify your missing property item by item as you submit.

(Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa., Doc. 27, p.13.)

While she suffers from paranoia, schizophrenia, and experiences these visual and auditory hallucinations, Ball is also a prodigious federal court litigant, bringing numerous lawsuits based upon her perception of the events that take place around her in prison. Indeed, at present Ball has a total of twenty two lawsuits pending before this court.[1] Ball has also been a prodigiously unsuccessful litigant, who has had at

---

[1] See, e.g., Ball v. SCI Muncy, No.1:08-CV-700 (M.D.Pa.); Ball v. SCI-Muncy, No. 1:08-CV-701 (M.D.Pa.); Ball v. Hill, No.1:09-CV-773 (M.D.Pa.); Ball v. Beard, No. 1:09-CV-845 (M.D.Pa.); Ball v. Lamas, No. 1:09-CV-846, (M.D. Pa.); Ball v. Oden , No 1:09-CV-847 (M.D.Pa.); Ball v. Bower, No. 1:10-CV-2561 (M.D.Pa.); Ball v. Sisley, No. 1:11-CV-877 (M.D.Pa.); Ball v. Struther, No. 1:11-CV-1265 (M.D.Pa.); Ball v. Hummel, No. 1:11-CV-1422 (M.D.Pa.); Ball v. Beckley, No. 1:11-CV-1829 (M.D.Pa.); Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v.

least three prior lawsuits dismissed either for failure to exhaust her administrative remedies, or as frivolous on the grounds that the lawsuit failed to state a claim upon which relief could be granted. See, e.g., Ball v. SCI Muncy, No. 1:08-CV-391 (M.D. Pa.); Ball v. Hartman, No. 1:09-CV-844 (M.D. Pa.); Ball v. Butts, No. 1:11-CV-1068, (M.D.Pa.); Ball v. Butts, No. 11-2862, 2011 WL 4375782, 1 (3d Cir. Sept 21, 2011).

In December 2011, the defendants in five of these actions–Ball v. Sipe, No. 1:11-CV-1830 (M.D.Pa.); Ball v. Craver, No. 1:11-CV-1831 (M.D.Pa.); Ball v. Powley, No. 1:11-CV-1832 (M..D.Pa.); Ball v. Cooper, No. 1:11-CV-1833 (M.D.Pa.); Ball v. Famiglio, No. 1:11-CV-1834 (M.D.Pa.)–moved to revoke Ball's *in forma pauperis* status pursuant to 28 U.S.C. §1915(g), and moved to stay proceedings pending the litigation of these motions to revoke *in forma pauperis* status.

On December 8, 2011, we concluded that addressing the threshold issue of Ball's *in forma pauperis* status pursuant to 28 U.S.C. §1915(g), was appropriate here, and that a stay was proper for this purpose. Accordingly, we set a briefing schedule for the briefing of these motions to revoke Ball's *in forma pauperis* status, and further ordered, in clear and precise terms, as follows: "Further proceedings are STAYED in the above-captioned cases pending resolution of the joint motions to revoke Ball's *in*

---

Famiglio, No. 1:11-CV-1834 (M.D.Pa.); Ball v. Eckroth, No. 1:11-CV-2238 (M.D.Pa.); Ball v. Campbell, No. 1:11-CV-2239 (M.D.Pa.); Ball v Barr, No. 1:11-CV-2240 (M.D.Pa.); Ball v Curham, No. 1:12-CV-10 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-11 (M.D.Pa.); Ball v Giroux, No. 1:12-CV-12 (M.D.Pa.)..

*forma pauperis* status pursuant to 28 U.S.C. §1915(g)." Ball subsequently sought, and obtained, an extension of time in which to respond to these motions, which raised important threshold questions regarding whether Ball should be permitted to continue to maintain these actions *in forma pauperis*, and we granted these requests.

Ball has now discounted and ignored the obligations placed upon her by these prior court orders. Specifically, Ball has failed to abide by these stay orders by filing a series of discovery motions; namely–

– Motions to Take Inmate Declarations;

– Motions for Examination by Outside Specialists;

– Motions to Test Mold Samples; and

– Motions to Order SCI Muncy to Release Records.

All of these motions have been filed by Ball in violation of the prior stay orders entered by this Court. To the extent that Ball seeks to ignore these stay orders, and pursue this discovery without first addressing the threshold question of her entitlement to maintain these actions we will deny these motions.

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound

discretion of the court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through

discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Further, we note that nothing in 28 U.S.C. § 1915 authorizes federal courts to finance or pay for a party's discovery expenses incurred while prosecuting a lawsuit, even if that party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Review of the case law reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of pre-trial discovery. See, e.g., Brooks v. Quinn, 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding in forma pauperis, the court has no authority to finance or pay for a party's discovery expenses. . . . It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); Augustin v. New Century TRS Holding, Inc., No. 08-326, 2008 U.S. Dist. LEXIS 96236, at *7-9 (W.D. Pa. Nov. 25, 2008) (denying plaintiff's IFP application to cover costs for discovery requests); Badman v. Stark, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); Toliver v. Community Action

Comm'n to Help the Econ., 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); <u>Sturdevant v. Deer</u>, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); <u>Ebenhart v. Power</u>, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery."); <u>see also</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Thus, as a general rule, the court lacks the lawful authority to help finance, or relieve plaintiff from, the costs associated with taking pre-trial discovery.

Finally, we note that this broad discretion over discovery matters extends to decisions under Rule 26(c) relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' <u>Galella v. Onassis</u>, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." <u>Dove v. Atlantic Capital Corp.</u>, 963 F.2d 15, 19 (2d Cir. 1992). One of these cardinal principles, governing the

exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F. App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Briefly deferring discovery in such a case, while the court determines the threshold issue of whether a complaint has sufficient merit to go forward, recognizes a simple, fundamental truth: Parties who file motions which may present potentially meritorious and complete legal defenses to civil actions should not be put to the time, expense and burden of factual discovery until after these claimed legal defenses are addressed by the court. In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Here, we note that the defendants have filed potentially dispositive motions in this case, motions to revoke Ball's *in forma pauperis* status. The merits of these claims are currently being addressed by the Court, ensuring a very prompt resolution of the motions. In this setting, we conclude, consistent with settled case law, that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) (citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Therefore, we will continue to stay further discovery pending resolution of these outstanding dispositive motions.

In addition to ignoring the stay orders entered by this Court, Ball has also sought to stay briefing of the outstanding motions revoke Ball's *in forma pauperis* status pursuant to 28 U.S.C. §1915(g), until we resolved all of her discovery motions.

We have now resolved all of Ball's discovery motions by denying them, without prejudice, since those motions violated the prior stay order entered by the Court. Having resolved all of these discovery motions in this fashion, we now will deny

Ball's Motions for Stays of Briefing of the Motions to Revoke Ball's *In Forma Pauperis* status.

An appropriate order follows:

## **ORDER**

Accordingly, for the foregoing reasons, the following discovery motions filed by the plaintiff, Dawn Ball in violation of this Court's prior stay orders; namely Ball's–

– Motions to Take Inmate Declarations;

– Motions for Examination by Outside Specialists;

– Motions to Test Mold Samples; and

– Motions to Order SCI Muncy to Release Records.

are DENIED, without prejudice to the parties pursuing appropriate discovery once the pending, and potentially dispositive, motions to revoke *in forma pauperis* status are resolved.

It is further ORDERED that

– The plaintiff's motions for Stays of Briefing of the Motions to Revoke Ball's *In Forma Pauperis* status are DENIED with prejudice.

Finally Ball is advised that further failures to comply with the Court orders may result in dismissal of these actions pursuant to Rule 41 of the Federal Rules of Civil Procedure.

So ordered this 6th day of January 2012.

                                **_S/Martin C. Carlson_**
                                Martin C. Carlson
                                United States Magistrate Judge