UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAWN MARIE BALL, | : | Civil No. 1:11-CV-1834 |
| Plaintiff | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| FAMIGLIO, et al., | : | |
| Defendants | : | |

**MEMORANDUM ORDER**

On February 10, 2012, Defendants Famiglio, Gothural, Stone, and Werner, identified as "Medical Defendants," filed a motion to dismiss. (Doc. No. 51.) On March 14, 2012, Magistrate Judge Carlson issued a Report and Recommendation addressing both the claims raised against these Defendants as well as the claims raised against Defendants Hummel, Neece, Barto, Rowe, D'Addio, Duggan, and Curham, identified as "Corrections Defendants." (Doc. No. 69.) The Corrections Defendants subsequently filed a motion to dismiss on March 19, 2012. (Doc. No. 71.)

Plaintiff filed her objections to the Report and Recommendation on May 2, 2012. (Doc. No. 82.) In the objections Plaintiff argues that Judge Carlson erred in addressing the claims against all Defendants in the Report and Recommendation and that Judge Carlson erred in determining that she had failed to exhaust her claims related to conduct that occurred in September 2011 because she was on a grievance restriction which prevented her from exhausting her claims. Upon a de novo review of the Report and Recommendation, the Court finds these objections are meritless. Regarding the consideration of Plaintiff's claims against the Corrections Defendants, the Third Circuit has found that sua sponte dismissal under Rule 12(b)(6) is proper after service of process provided that such action is exercised with caution to

1

ensure that the decision to dismiss is an informed one.  See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008); Oatess v. Sobolevitch, 914 F.2d 428, 430 (3d Cir. 1990).  The claims raised against the Corrections Defendants are closely related to the claims against the Medical Defendants.  Accordingly, many of the arguments regarding dismissal as to the two groups of Defendants are identical.  To the extent the arguments do diverge, the Court finds that the claims Judge Carlson did recommend dismissing are sufficiently meritless as to obviate any concern regarding an imprudent dismissal.  Further, while Plaintiff has submitted information indicating that she was on a grievance restriction beginning on September 14, 2011, the Court finds that prison officials' decision to limit Plaintiff to filing one grievance every fourteen days did not prevent her from exhausting her claims regarding conduct that arose in September 2011.

**ACCORDINGLY**, on this 23rd day of May 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 69) is **ADOPTED** and the Medical Defendants' motion to dismiss (Doc. No. 51) is **GRANTED IN PART** and the following claims are dismissed without prejudice to Plaintiff's right to correct the defects cited in the Report and Recommendation within twenty days of the date of this order:

1. All claims arising out of conduct in September 2011;

2. All claims against Dawn Werner;

3. All claims for a specific sum of unliquidated damages in the amount of $5,000,000;

3. All claims related to allegations that:

   A. Defendant Famiglio provided some extra degree of medical care to Ball, in the form of offering Ball skin lotion, and other medicines, if she refrained from signing up for sick calls;

   B. Defendant D'Addio, gave Plaintiff's medical records to a state hospital

        without her permission, and "told my private business to corrections officers;"

C.     Defendants Gothwal and Famiglio declined to see Plaintiff on three occasions in April 2011 and twice in May 2011 since Plaintiff does not indicate what, if any, medical problems she was experiencing at the time that these physicians declined to see her on these specific dates;

D.     Defendants Famiglio, Gothwal, Rowe, and Duggan told Plaintiff that the results of her pap smear were "fine" even though Plaintiff did not believe them;

E.     Defendants Rowe and Duggan "made derogatory and slanderous statements against me on their grievance responses. They said I put my fingers in feces and smear it on [medical] requests which is not true."

In light of the foregoing the Corrections Defendants' motion to dismiss (Doc. No. 70) is **DENIED AS MOOT**. This matter shall be referred back to Magistrate Judge Carlson for continued pre-trial management and resolution of dispositive motions.

                                            S/ Yvette Kane
                                            Yvette Kane, Chief Judge
                                            United States District Court
                                            Middle District of Pennsylvania