# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAWN MARIE BALL,** | : | Civil No. 1:11-CV-1834 |
| **Plaintiff** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **FAMIGLIO, et al.,** | : | |
| **Defendants** | : | |

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On May 23, 2012, this Court issued an order dismissing without prejudice:

1. All claims arising out of conduct in September 2011;

2. All claims against Dawn Werner;

3. All claims for a specific sum of unliquidated damages in the amount of $5,000,000;

3. All claims related to allegations that:

   A. Defendant Famiglio provided some extra degree of medical care to Ball, in the form of offering Ball skin lotion, and other medicines, if she refrained from signing up for sick calls;

   B. Defendant D'Addio gave Plaintiff's medical records to a state hospital without her permission, and "told my private business to corrections officers;"

   C. Defendants Gothwal and Famiglio declined to see Plaintiff on three occasions in April 2011 and twice in May 2011 since Plaintiff does not indicate what, if any, medical problems she was experiencing at the time that these physicians declined to see her on these specific dates;

   D. Defendants Famiglio, Gothwal, Rowe, and Duggan told Plaintiff that the results of her pap smear were "fine" even though Plaintiff did not believe them;

   E. Defendants Rowe and Duggan "made derogatory and slanderous

statements against me on their grievance responses. They said I put my fingers in feces and smear it on [medical] requests which is not true."

(Doc. No. 86.) The Court granted Plaintiff twenty days from the date of that order to amend her complaint. (Id.) Plaintiff did not file an amended complaint. Accordingly, on July 11, 2012, Magistrate Judge Carlson issued a Report and Recommendation in which he recommended that the above-identified claims be dismissed with prejudice. (Doc. No. 93.) Plaintiff filed objections to the Report and Recommendation on July 18, 2012. (Doc. No. 95.) Those objections fail, however, to confront the substance of the present matter in any meaningful way. The Court has reviewed the Report and Recommendation and detects no error therein.

**ACCORDINGLY**, on this 17th day of August 2012, **IT IS HEREBY ORDERED THAT** the Report and Recommendation (Doc. No. 93) is **ADOPTED** and the following claims are **DISMISSED WITH PREJUDICE** as frivolous for failure to state a claim:

1. All claims arising out of conduct in September 2011;

2. All claims against Dawn Werner;

3. All claims for a specific sum of unliquidated damages in the amount of $5,000,000;

3. All claims related to allegations that:

   A. Defendant Famiglio provided some extra degree of medical care to Ball, in the form of offering Ball skin lotion, and other medicines, if she refrained from signing up for sick calls;

   B. Defendant D'Addio gave Plaintiff's medical records to a state hospital without her permission, and "told my private business to corrections officers;"

   C. Defendants Gothwal and Famiglio declined to see Plaintiff on three occasions in April 2011 and twice in May 2011 since Plaintiff does not indicate what, if any, medical problems she was experiencing at the time that these physicians declined to see her on these specific dates;

  D. Defendants Famiglio, Gothwal, Rowe, and Duggan told Plaintiff that the results of her pap smear were "fine" even though Plaintiff did not believe them;

  E. Defendants Rowe and Duggan "made derogatory and slanderous statements against me on their grievance responses. They said I put my fingers in feces and smear it on [medical] requests which is not true."

This matter shall be referred back to Magistrate Judge Carlson for continued pre-trial management and resolution of dispositive motions.

            S/ Yvette Kane
            Yvette Kane, Chief Judge
            United States District Court
            Middle District of Pennsylvania